GENE HALAVANAU, ESQ. (SBN 267280)
**Halavanau Law Office, P.C.**
1388 Sutter Street, Suite 1010
San Francisco CA  94109
Tel: 415-692-5301/ Fax: 415-692-8412
Email: gene@halavanau.com

Attorney for Plaintiff,
NORMAN KIZIRIAN

BLANE A. SMITH, ESQ. (SBN 96795)
COLE SMITH-CROWLEY, ESQ. (SBN 339066)
**LAW OFFICE OF BLANE A. SMITH**
455 University Ave, Suite 270
Sacramento, CA  95825
Tel:  (916) 679-1245/ Fax: (916) 515-9533
Email: bsmith@blanesmithlaw.com
        csmith@blanesmithlaw.com

Attorneys for Defendant,
AMERICAN MODERN PROPERTY AND
CASUALTY INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA- FRESNO DIVISION

| | |
|---|---|
| NORMAN KIZIRIAN,<br><br>         Plaintiff,<br><br>vs.<br><br>AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY and DOES 1 TO 10,<br><br>         Defendants. | Case No.  1:22-cv-00535-SKO<br>Assigned to:  Magistrate Judge Sheila K. Oberto<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>(Doc. 11)<br><br>Notice of Removal Filed: May 4, 2022 |

---

**STIPULATED PROTECTIVE ORDER**

The purpose of this protective order is to protect the interests of NORMAN KIZIRIAN, and AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY (collectively "the Parties"), in maintaining their confidential information, including but not limited to proprietary information and trade secret information, while facilitating the production and use of such confidential information in discovery, hearings and at trial in this case so as to allow the parties to fully protect their interests in this litigation.

The Parties to this litigation, pending in the United States District Court for the Eastern District of California, possess certain private, confidential, and/or proprietary information ("Confidential Information") which may be disclosed in this Litigation during discovery or otherwise. The Parties wish to ensure that any such Confidential Information disclosed shall not be used for any purposes other than this Litigation and shall not be made public, or be otherwise disseminated or used except as set forth in this [Proposed] Protective Order ("Protective Order"). Certain documents or information may require a greater degree of protection from disclosure for purposes other than for this Litigation ("Highly Confidential Information"). Such information shall not be made public, or be otherwise disseminated or used except as set forth in this Protective Order.

NOW, THEREFORE, THE PARTIES AGREE TO THE FOLLOWING:

1. All documents, materials and information related to:
   - training practices for claims handlers, agents and employees;
   - claims handling rules, standards, guidelines, and manuals;
   - underwriting materials;
   - information storage standards and practices concerning claim files, including but not limited to electronic and digital storage;
   - written agreements with parties other than the Plaintiff concerning claim matters; and

- policies, procedures and guidelines related to personal or home computer usage for work-related activities

shall be considered "Confidential Information" with or without designation.  In addition, any party may designate as "Confidential Information"  any document disclosed during the course of the Litigation, including information disclosed during discovery or at any hearing, or in any pleading, document, affidavit, brief, motion, or other writing or in testimony given in a deposition or at any hearing ("Litigation Materials").  Documents shall be designated by a party as "Confidential" at the time of production or copying by stamping or otherwise marking the word "Confidential" on each page (or in the first page of a multi-page document), without obscuring its legibility.  If the nature of the documents is such that they cannot be so stamped, then the Parties will in good faith make arrangements such as will secure the protections afforded by this agreement and order by proper notice to any party handling such documents.

2. There is a particularized need for protection as to each of the above categories of information.

- Training practices for claims handlers, agents and employees entail information that is confidential, proprietary and peculiar to American Modern Property & Casualty Insurance Company.

- Claims handling rules, standards, guidelines, and manuals include material that is proprietary to American Modern Property & Casualty Insurance Company and that is maintained in confidence.

- Underwriting materials include materials that concern American Modern Property & Casualty Insurance Company's underwriting practices, standards and factual determinations, all of which are proprietary and confidential property of American Modern Property & Casualty Insurance Company.

-3-
**STIPULATED PROTECTIVE ORDER**
Case No.: 1:22-cv-00535-AWI-SKO

- Information storage standards and practices concerning claim files, including but not limited to electronic and digital storage, concern information that is proprietary and confidential to American Modern Property & Casualty Insurance Company.

- Written agreements between American Modern Property & Casualty Insurance Company and parties other than the Plaintiff concerning claim matters also involve information that is confidential and proprietary to American Modern Property & Casualty Insurance Company. This material will also include confidential information of third parties that enter written agreements with American Modern Property & Casualty Insurance Company.

- Policies, procedures and guidelines related to personal or home computer usage for work-related activities include information that is confidential and proprietary to American Modern Property & Casualty Insurance Company. This category of information also includes confidential human resources information, as well as confidential personal information of the employees of American Modern Property & Casualty Insurance Company.

3. The volume of confidential information that will be the subject of discovery in this matter is extensive, detailed and complex, requiring a clear, judicially usable and judicially enforceable standard for protecting the confidential information of the parties while minimizing the expense and delay of addressing confidential issues as they arise; it is for this reason that the parties request that the matter be addressed by a stipulated court order, rather than a private agreement. In addition, a private agreement lacks the enforceability with respect to parties outside of this litigation that derives from a court order.

4. In addition to Paragraph 1, any party may designate as "Highly Confidential" any Litigation Materials (whether they are produced directly by non-parties or whether they are included in the Litigation materials produced by the parties) which that party considers in good faith to contain Highly Confidential Information. Documents shall be designated by a party as Highly Confidential at

-4-
**STIPULATED PROTECTIVE ORDER**
Case No.: 1:22-cv-00535-AWI-SKO

the time of production or copying by stamping or otherwise marking the word "Highly Confidential" on each page (or in the first page of a multi-page document), without obscuring its legibility.  If the nature of the documents is such that they cannot be so stamped, then the Parties will in good faith make arrangements such as will secure the protections afforded by this Order and proper notice to any party handling such documents.

  5. If any party objects to the designation of any Litigation Materials as "Confidential" or "Highly Confidential," the party shall state the objection by letter to counsel for the party making the designation within 15 days of the service of the designated "Confidential" or "Highly Confidential" Information.  If the parties are then unable to resolve the objection informally, the objecting party will file a Motion with the Court within ten (10) days after the service by either party of written notice that they consider resolution efforts at an impasse.  Until the Court rules on the Motion, the Litigation Materials shall continue to have their designated "Confidential" or "Highly Confidential" status in accordance with this agreement and order.

  6. The restrictions against disclosure set forth in this agreement and order shall not apply to materials or information that:

  a) Prior to the disclosure in this Litigation, were in the possession or knowledge of the party receiving the disclosure, provided that such materials or information were not subject to any prior restriction as to use or obligations as to confidence; or

  b) were at any time independently developed by a party or counsel, based upon information obtained from a non-party to this litigation who did not request confidentiality, without use or reliance upon any confidential material or Confidential Information/Highly Confidential Information; or

  c) were at any time independently developed by a party or counsel, based upon information with a reasonable expectation of confidentiality, without use or reliance upon any confidential material or Confidential Information/Highly Confidential information; or

-5-
**STIPULATED PROTECTIVE ORDER**
Case No.: 1:22-cv-00535-AWI-SKO

        d)      were made publicly available by the party claiming confidentiality or were otherwise available to the public; or

        e)      are required by law to be made available without reservation with respect to confidentiality.

        7.      All Litigation Materials designated as "Confidential" and "Highly Confidential" and any copies thereof shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending this Litigation, and not for any business or other purpose whatsoever.  No notes, lists, memoranda, index or compilation prepared based wholly or in part upon examination of Litigation Materials shall be disseminated to anyone not authorized to have access to Confidential Information.

        8.      Litigation Materials designated as "Confidential" and any copies thereof, shall be maintained in confidence by the party to whom such materials are produced or disclosed, and shall not be disclosed, in whole or in part, to any person(s), in words or substance, except during the course of this Litigation and then only to:

        a)      the Court or any Court employees as necessary;

        b)      the attorneys of record in this Litigation and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in this Litigation, and/or independent contractors under their direct supervision working on the Litigation or the Litigation on behalf of any party.  Provided, however, that each such non-attorney staff member or independent contractor given access to Confidential Information shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Protective Order;

        c)      the Parties to the Litigation who are subject to this Protective Order;

        d)      the Parties' experts and/or consultants who counsel for the receiving party reasonably believes it necessary to show Confidential, provided that such person has first read this order and has

signed a copy of the Individual Agreement to be Bound by the Confidentiality Agreement ("Individual Agreement") annexed hereto as Appendix A;

e) witnesses at any deposition, hearing or trial in this Litigation who previously had access to the Confidential Information, or who is currently or was previously an officer, director, partner, member employee or agent of an entity that had access to the Confidential Information;

f) witnesses at any deposition, hearing or trial in this Litigation who previously did not have access to the Confidential Information, provided that each such witness given access to Confidential Information shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms, and further provided that the party who designated the Confidential Information is represented at such deposition, hearing, or trial;

g) court reporters at any deposition, hearing or trial, provided that such person has first read this Agreement and has signed a copy of the Individual Agreement;

h) mock jury participants, provided however, that prior to the disclosure of Confidential Information to any such mock jury participant, counsel for the party making the disclosure shall deliver a copy of this Protective Order to such person(s) shall explain that such person(s) is/are bound to follow the terms of this Protective Order, and shall secure the signature of such person(s) on the Individual Agreement; and

i) insurance claims personnel assigned to supervise the defense of this matter, provided each such claims personnel is advised of the terms of this Protective Order and signs the Individual Agreement.

9. Litigation Materials designated as "Highly Confidential" and any copies thereof, shall be maintained in confidence by the party to whom such materials are produced or disclosed, and shall not be disclosed, in whole or in part, to any person(s), in words or substance (including, but not limited to, testimony during deposition) except during the course of the Litigation and then only to:

a) the Court or any Court employees as necessary;

b) the attorneys of record in this Litigation and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in this Litigation, and/or independent contractors under their direct supervision working on the Litigation or the Litigation on behalf of any party.  Provided, however, that each such non-attorney staff member or independent contractor, given access to Highly Confidential Information shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Protective Order;

c) the Parties to the litigation who are subject to this Protective Order;

d) he Parties' experts and/or consultants who counsel for the receiving party reasonably believes it necessary to show Highly Confidential Information, provided that such person has first read this Order and has signed a copy of the Individual Agreement to be Bound by Confidentiality Agreement ("Individual Agreement") annexed hereto as Appendix A.

e) witnesses at any deposition, hearing or trial in this Litigation who previously had access to the Highly Confidential Information, or who is currently or was previously an officer, director, partner, member employee or agent of an entity that had access to the Highly Confidential Information

f) witnesses at any deposition, hearing or trial in this Litigation who previously did not have access to the Highly Confidential Information, provided that each such witness given access to Highly Confidential Information shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms, and further provided that the party who designated the Confidential Information is represented at such deposition, hearing, or trial;

g) court reporters at any deposition, hearing or trial, provided that such person has first read this Order and has signed a copy of the Individual Agreement.

h)     mock jury participants, provided however, that prior to the disclosure of Highly Confidential Information to any such mock jury participant, counsel for the party making the disclosure shall deliver a copy of this Protective Order to such person(s) shall explain that such person(s) is/are bound to follow the terms of this Protective Order, and shall secure the signature of such person(s) on the Individual Agreement.

i)     insurance claim personnel assigned to supervise the defense of this matter, provided each such claims personnel is advised of the terms of this Protective Order and signs the Individual Agreement.

10.    In the event that any person required by this Order to sign the Individual Agreement fails to sign as required, or any person who has signed the Individual Agreement refuses to comply therewith, or if to the knowledge of counsel any person fails to adhere to the terms of this Protective Order, counsel shall make no further disclosure to such person, and shall immediately notify counsel for the producing party.

11.    When "Highly Confidential Information" is incorporated in a transcript of a deposition, hearing or other proceeding, arrangements shall be made with the reporter attending such proceeding to bind the confidential portions of such transcripts separately and label such portion as designated: "[Disclosing Party's Name] Highly Confidential."

12.    The Parties may designate depositions or other testimony as "Confidential" or "Highly Confidential" by any one of the following means: (a) stating orally on the record that the information is Confidential or Highly Confidential Information on the day the testimony is given; or (b) sending written notice designating certain information as Confidential or Highly Confidential within ten (10) days from the date that the transcript is available.

13.    The receiving party shall not duplicate any Confidential Information/Highly Confidential Information except working copies to be used by their attorneys or their experts and/or

consultants, or by where attorneys' non-attorney staff members or independent contractors and for filing with the Court.

14. Any party to this Litigation may seek relief from the Court, after appropriate notice to the other parties, by Motion to modify or grant relief from any provision of this Protective Order.

15. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

    a. operate as an admission by any person that any particular document, testimony, or information marked "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary, confidential of competitively sensitive business, commercial, financial or personal information: or

    b. prejudice in any way the right of any party:

        i. to seek determination by the Court of whether any particular Confidential Information/Highly Confidential Information should be subject to protection as "Confidential" or "Highly Confidential," respectively, under the terms of this Protective Order; or

        ii. to seek relief from the Court on appropriate notice to all other parties to this Litigation from any provisions(s) of this Protective Order, either generally or as to any particular document, material, or information.

16. Any party to this Litigation who has not executed this Confidentiality Agreement and Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other parties to this Litigation.

17. Nothing in this Protective Order shall be construed to preclude any party from asserting in good faith that certain Confidential Information/Highly Confidential Information requires additional protection. The parties shall meet and confer to agree upon the terms of such additional protection.

-10-
**STIPULATED PROTECTIVE ORDER**
Case No.: 1:22-cv-00535-AWI-SKO

18. Nothing herein shall require a party receiving Confidential Information/Highly Confidential Information to risk judicial, administrative, or legislative sanction if such Confidential Information/Highly Confidential Information is subpoenaed, demanded or otherwise asked for by any court, administrative, legislative, or other governmental body, or any other person purporting to have authority to subpoena or demand such information. In such an event the party receiving a subpoena or demand shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the designating party, and shall furnish such counsel with a copy of the subpoena or demand.

19. The Parties shall request and/or apply to the Court under any necessary procedure that documents designated as "Confidential" or "Highly Confidential" and ultimately used as Exhibits at hearing or trial be sealed or returned to the parties. If any Confidential Information/Highly Confidential Information, or information derived from Confidential Information/Highly Confidential Information are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately in compliance with Local Rule 141 and filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL- FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY SEALING ORDER REQUIRED." The Parties shall meet and confer regarding the procedures for use of Confidential Information/Highly Confidential Information at trial and shall jointly move the Court for entry of an appropriate order.

20. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Information/Highly Confidential Information, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Information/Highly Confidential Information.

21. The provisions of this Protective Order shall continue to be binding after the conclusion of this Litigation and all subsequent proceedings arising from this Litigation, except that a party may seek the written permission of the designating party or may move the Court from relief from then

provisions of the Protective Order.  To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after this Litigation is terminated.

22. Upon the final termination of this Litigation, whether by order, judgment, settlement or otherwise, the attorneys for each party receiving Confidential/Highly Confidential Information shall either (i) assemble and return to the disclosing party all documents containing such Confidential/Highly Confidential Information including all copies thereof, and provide a certification that to the best of their knowledge this has been done or (ii) destroy all such documents containing Confidential/Highly Confidential Information and all copies thereof, and provide a certification that this has been done.  However, counsel for each party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court (and one copy of each deposition together with the exhibits marked at the deposition).

23. The Parties do not waive any right to object to any discovery requests or to seek any further confidentiality order on any grounds.  Nothing in this Order shall be construed as a waiver of any privilege and/or work product that may be applicable to any documents or information.  Moreover, inadvertent or unintentional production of privileged or work product material will not be construed as a waiver of attorney-client privilege or any other privilege thereto.  Upon notice by either party that such privileged material has been produced, counsel will take all steps to ensure that the privileged material is immediately returned to the party who originally produced it.

24. The inadvertent or unintentional disclosure by the producing party of Confidential Information/Highly Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.  Upon its inadvertent disclosure of any Confidential Information/Highly Confidential Information, counsel for

the producing party has to make a good faith effort to rectify the inadvertent disclosure on a timely basis. Upon notice of an inadvertent disclosure pursuant to this section, reasonable steps shall be taken by all parties to prevent the dissemination of undesignated Confidential Information/Highly Confidential Information.

25. This Protective Order shall become effective immediately upon service by any party upon the others of this order dated and signed by a Judge or Magistrate Judge of the United States District Court for the Eastern District of California. This Order may only be modified or amended by written agreement of the Parties hereto submitted and approved for the Court's signature, or by further order of the court upon motion, or sua sponte.

26. The Parties and all signatories to the Individual Agreement attached hereto as Appendix "A" are to be bound by this Protective Order following its approval and entry by the Court.

DATED: January 4, 2023      __/s/_____
                                       Gene Halavanau, Attorney for Plaintiff
                                       Norman Kizirian

DATED: January 4, 2023      _/s/_____
                                       Blane Smith, Attorney for Defendant
                                       American Modern Property & Casualty Co.

**ORDER**

The Parties' foregoing Stipulated Protective Order (Doc. 11) is approved. All requests to seal "Confidential Information" and "Highly Confidential Information", shall comply with Local Rule 141.

IT IS SO ORDERED.

Dated:  **January 4, 2023**      */s/ Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE

## APPENDIX A

## INDIVIDUAL AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

I have read and understand the Confidentiality Agreement and Protective Order in the case of NORMAN KIZIRIAN v. AMERICAN MODERN PROPERTY & CASUALTY Co., case number 1:22-cv-00535-SKO, and a copy of the same has been delivered to me with a copy of this Individual Agreement.  I agree to be bound by all the terms of this Individual Agreement.  I agree to be bound by all of the terms of the Confidentiality Agreement and Protective Order and hereby agree not to use or disclose the Confidential Information/Highly Confidential Information to be disclosed to me except for purposes of this litigation as required by the Confidentiality Agreement and Protective Order.  I further agree and attest to my understanding that a breach of this Individual Agreement may be directly actionable, at law and equity, and may constitute a violation of the Confidentiality Agreement and Protective Order, or if I disclose or make use of any Confidential Information/Highly Confidential Information acquired during this proceeding, I may be subject to civil damages and sanctions.

Dated: _____

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City            State            Zip

_____
Employer

LAW OFFICE OF BLANE A. SMITH